Mr. Chief Justice Shakke.y
delivered the opinion of the court.
This action was instituted on a bond given to replevy property taken by attachment; the bond is substantially a special bail bond, and is said not to conform to the statute.
*219 The tenth section of the attachment law, provides, that property attached may be replevied, by giving bond and surety to .the sheriff or officer levying the attachment, and the condition of the bond is, that the party shall appear at the next term of the circuit court, and abide by and perform the judgment of the court. This is substantially the condition of a bail'bond, and it is entirely probable that the section referred to, contemplates nothing more than a bail bond as the property attached is thereby relieved, and it becomes a.proceeding against the person.
It is not necessary to examine as to the validity of the bond. If it be good, thfe declaration on it is bad, and afforded a good ground for the court below to sustain the demurrer. The condition of the bond as set out is, that the defendant shall pay the condemnation of the court, or render his body in execution. The condition is in the alternative, either that he should perform the one or the other of the terms, and the performance of either would, of course, be a compliance with the condition, and discharge the obligation and release the sureties. The plaintiff has assigned for a breach, that Minor did not perform the condemnation of the court by the payment of the amount of the judgment, but has not averred the non-performance of the alternative. It may be, for any thing that appears in the declaration, that Minor did render his body in execution, in strict pursuance of his undertaking; and if so, the condition was performed. The plaintiff should also have assigned as a breach that Minor had not rendered his body in execution.
•The judgment of the court below must be affirmed.